# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GREGORY D. CROSBY,

    Plaintiff,

    v.                                      CASE NO. 19-3092-SAC

UNITED STATES ATTORNEY'S OFFICE,
 et al.,

    Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

This pro se civil rights complaint was filed by a federal prisoner under 42 U.S.C. § 1983 in the District Court of Shawnee County, Kansas. Defendants McAllister and Slinkard thereafter removed the action to federal court under 28 U.S.C. §§ 1441 and 1446. Plaintiff alleges the loss of $3,000 seized in connection with Plaintiff's prosecution for attempted bank robbery. He seeks relief in the form of compensatory and punitive damages totaling $23,000.

This matter is before the Court for screening and upon a Motion to Dismiss (ECF No. 7) filed by Defendants McAllister and Slinkard. Also before the Court are a Motion to Amend Complaint (ECF No. 10) filed by Plaintiff and a Motion for Leave to File Answer or Otherwise Plead Out of Time (ECF No. 12) filed by Defendant Topeka Police Department. For reasons that follow, the Court directs Plaintiff to show cause why his claim under 42 U.S.C. § 1983 should not be dismissed and this case should not be remanded to state court.

**Screening the Complaint**

Before addressing any dispositive motions, the Court must screen Plaintiff's Complaint and, if appropriate, determine whether to grant leave to amend. The Court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The Complaint's "factual

allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**Nature of the Matter Before the Court**

Plaintiff was involved in an attempted bank robbery in Topeka in 2009. He was arrested by officers from the Topeka Police Department ("TPD"). At the time of his arrest, he was driving a stolen vehicle owned by Hertz Vehicles, LLC. The arresting officers seized the property Plaintiff had with him in the car. Plaintiff was convicted of attempted bank robbery in December of 2009.

In July of 2009, Mr. Crosby filed in his criminal case (*U.S. v. Crosby*, No. 09-cr-40049-KHV) his first motion to recover personal property under Federal Rule of Criminal Procedure 41(g). He listed the items he had in the vehicle at the time of his arrest as a chain, a book bag, a book, a wallet with his Social Security card and birth certificate, and his personal Bible. Motion, *U.S. v. Crosby*, No. 09-cr-40049-KHV, ECF No. 17. In November of 2011, Plaintiff filed a second motion for return of his personal property, listing the property as a black bag containing credit cards, a photo ID, his birth certificate and other personal papers, a book, and "currency." Motion, *U.S. v. Crosby*, No. 09-cr-40049-KHV, ECF No. 105. In July of 2015, Plaintiff filed another motion asking that the property be shipped to him. Motion, *U.S. v. Crosby*, No. 09-cr-40049-KHV, ECF No. 159. In October of 2015, Plaintiff filed a motion estimating the value of the property seized to be $700. Motion, *U.S. v. Crosby*, No. 09-cr-40049-KHV, ECF No. 165. Plaintiff then filed a document stating he had received some of his property but there were items missing, which he described as a "cell phone etc." Notice, *U.S. v. Crosby*, No. 09-cr-40049-KHV, ECF No. 166. Plaintiff's next filing claims a cell phone and an American Express $100 gift card were missing. Motion, *U.S. v. Crosby*, No. 09-cr-40049-KHV, ECF No. 168. In January of 2016, Plaintiff filed another motion for missing property, listing the missing property as the American Express $100 gift card, a towel, an atlas, maps, a Motorola Trac phone,

clothing, and a CD.  Motion, *U.S. v. Crosby*, No. 09-cr-40049-KHV, ECF No. 171.  Plaintiff's first mention of the $3,000 comes in Defendants' Response to Court Order in Reference to Motion for Missing Property.  Response, *U.S. v. Crosby*, No. 09-cr-40049-KHV, ECF No. 176.  Mr. Crosby states he had argued he had $3,000 in the stolen car in a post-conviction motion, and it was discussed by the Tenth Circuit.[1]  The Government responded, stating there was no mention of $3,000 in the TPD report of the search of the vehicle conducted by D. Stallbaumer.  Response, *U.S. v. Crosby*, No. 09-cr-40049-KHV, ECF Nos. 180 and 180-2.

Judge Vratil of this Court denied Plaintiff's motion on July 31, 2017, finding the government claims no knowledge of the $3,000, the currency does not appear on any report related to Plaintiff's arrest, and Mr. Crosby argues either the police did not search the car carefully enough or someone took the money, all indicating the government does not have the money, making a motion under Rule 41(g) improper for lack of subject matter jurisdiction.  Order, *U.S. v. Crosby*, No. 09-cr-40049-KHV, ECF No. 185.

Plaintiff claims here that the defendants violated his rights by seizing the $3,000 belonging to him and failing to return it to him.  He states the defendants acted to "deprive, withhold and lose the currency belonging to the plaintiff all in violation of his Constitutional rights."  ECF No. 1-1, at 5.  Plaintiff seeks relief in the form of the $3,000 plus punitive damages of $10,000.

**Proposed Amended Complaint**

In his proposed Amended Complaint filed after the motion to dismiss, Plaintiff no longer names Mr. McAllister, Mr. Slinkard, or the Topeka Police Department as defendants.  He seeks

---

[1] Plaintiff is correct that the Tenth Circuit mentions in its rejection of Mr. Crosby's petition seeking a certificate of appealability to appeal the district court's denial of his § 2255 motion to vacate, set aside, or correct his sentence, that he argued he received ineffective assistance of counsel in part because his attorney failed to mention "$3,000 that was under the driver's seat" of the rental car. *U.S. v. Crosby*, 468 F. App'x 913, 914 (10th Cir. 2012).

to add as a defendant D. Stallbaumer, Property Officer with the TPD. Plaintiff claims Defendant Stallbaumer is the officer who searched and inventoried the vehicle Plaintiff was in when he was arrested. He clarifies that he is alleging the defendants violated his "constitutional rights by depriving, losing his currency of $3,000." ECF No. 10-1, at 4. Plaintiff states he is making a claim under 42 U.S.C. § 1983 and Kansas tort law. He also raises his total relief sought to $23,000.

**Motion to Amend Complaint (ECF No. 10)**

As an initial matter, the Court grants Plaintiff's motion to file the amended complaint, which was properly attached to the motion. Because Defendants McAllister, Slinkard, and the TPD are no longer named as defendants, they are dismissed from this action.

**Analysis**

It is noteworthy that Mr. Crosby previously filed a very similar, if not identical, complaint in this Court, which was dismissed after Plaintiff, a three-strikes litigant, failed to pay the filing fee. *See Crosby v. United States Attorney's Office*, Case No. 19-3009-SAC. While proceeding to screen Plaintiff's present complaint may seem to circumvent the three-strikes bar of 28 U.S.C. § 1915(g), Mr. Crosby did not choose to be before this Court and has asked that his case be remanded to state court. Moreover, the Tenth Circuit has held that in circumstances where a case was filed in forma pauperis in state court then removed by the defendants to federal court, the plaintiff does not have to comply with §1915(g). *Woodson v. McCollum*, 875 F.3d 1304 (10th Cir. 2017).

Turning to the screening of the Amended Complaint, the Court finds that Plaintiff fails to state an actionable claim under § 1983.

**Failure to State a Constitutional Claim**

Setting aside the difficulties with proving the existence of the $3,000, as the Court is required to do at this stage, Plaintiff fails to state a claim under § 1983. He offers two possible theories of what happened to the $3,000: 1) Defendant Stallbaumer searched the vehicle in a negligent manner and failed to find the $3,000; or 2) Defendant Stallbaumer or someone at Hertz (or, presumably, someone else along the way) found the $3,000 and kept it.

Plaintiff's problem is twofold. First, Plaintiff's allegations are no more than speculative. He limits the defendants to two, but what if someone else, such as a subsequent renter or owner of the vehicle, found and took the $3,000? Plaintiff has not included sufficient allegations to take his claim for relief past speculation, from conceivable to plausible. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting* Fed. Rule Civ. Proc. 8(a)(2)). Plaintiff's allegations do not allow the Court to infer more than the mere possibility that Defendant Stallbaumer or Hertz engaged in misconduct.

Second, Plaintiff does not state a constitutional violation. Mr. Crosby seems to be claiming he was deprived of his property without due process in violation of the Fourteenth Amendment. Neither the negligent (i.e., Defendant Stallbaumer failed to find the money during his search of the vehicle) nor the unauthorized, intentional deprivation of property by a state actor (i.e., Defendant Stallbaumer or another state actor took the money) gives rise to a due process violation if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional taking of property does not implicate due process

clause where an adequate state post-deprivation remedy is available); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981)(inmate could not present claim against warden under § 1983 for negligent loss of inmate's property where existence of state tort claims process provided due process). The U.S. Supreme Court in *Parratt* reasoned that where a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur. *Parratt,* 451 U.S. at 541. Under these circumstances, the court observed:

> "It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under 'color of law,' is in almost all cases beyond the control of the State. Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id.* . . . [W]here an individual has been negligently deprived of property by a state employee, the state's action is not complete unless or until the state fails to provide an adequate postdeprivation remedy for the property loss.

*Id.* 451 U.S. at 541-542; see also *Hudson*, 468 U.S. at 534. When the alleged property loss is not "random and unauthorized" but pursuant to "an affirmatively established or de facto policy, procedure, or custom, the state has the power to control the deprivation" and must generally give the plaintiff a predeprivation hearing. *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *Abbott v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994).

Plaintiff at no point alleges the deprivation of his $3,000 was pursuant to a policy, procedure, or custom of the TPD. Therefore, whether the deprivation was negligent or intentional, Kansas law provides him with an adequate post-deprivation remedy and his federal due process rights are not implicated.

Plaintiff may be claiming a violation of the Takings Clause of the Fifth Amendment, which provides: "[N]or shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The purpose of the Takings Clause "is to prevent the

8

government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester,* 358 F.3d 694, 718 (10th Cir. 2004) (*quoting Eastern Enters. v. Apfel,* 524 U.S. 498, 522 (1998)). "A party challenging governmental action as an unconstitutional taking bears a substantial burden." *Id.* In the Tenth Circuit, prisoner plaintiffs in § 1983 actions have attempted to use the clause where they have challenged official government regulations or policies that deprive prisoners, as a class, of property, such as the automatic deduction from prisoners' accounts of supervision fees or crime victim compensation. *See Ellibee v. Simmons,* 201 F. App'x 612 (10th Cir. 2006); *Taylor v. Sebelius,* 189 F. App'x 752 (10th Cir. 2006). Plaintiff has not alleged that type of government taking and has not stated an actionable claim for violation of his rights under the Takings Clause.

**Improper Defendant**

Aside from the fact that Plaintiff has not stated a valid constitutional claim, Plaintiff also cannot state a claim under § 1983 against Hertz because Hertz is not a state actor. To state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law." *West,* 487 U.S. at 48–49 (1988); *Daniels v. Williams,* 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *West,* 487 U.S. at 42; *Polk County v. Dodson,* 454 U.S. 312 (1981). Thus, it is of no consequence how wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists. *See Brentwood Academy v. Tennessee Secondary Athletic Ass'n,* 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan,* 526

U.S. 40, 50 (1999). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).

Hertz is a private company, not acting under color of state law, and therefore cannot be held liable under § 1983.

### Pendant State Law Claim

It appears that no separate basis for federal subject matter jurisdiction over Plaintiff's state tort law claim exists in this case. Because the Court finds Plaintiff has failed to state a claim under federal law, the Court declines to exercise its discretion to address Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid,* 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); *see also Pride v. Does,* 997 F.2d 712, 717 (10th Cir. 1993) (in light of Tenth Circuit's affirmance of district court's dismissal of plaintiff's "jurisdictionally predicate" federal claims under § 1983, dismissal of plaintiff's pendent state law claims appropriate).

**Response Required**

Accordingly, Plaintiff is directed to show good cause why his claim under 42 U.S.C. § 1983 should not be dismissed for the reasons stated herein and his remaining state law claim remanded to the Shawnee County District Court. Plaintiff is warned that his failure to file a timely response may result in the dismissal of his § 1983 claim and the remand of his Amended Complaint without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend the Complaint (ECF No. 10) is **granted**. The docket sheet shall reflect the fact that Stephen R. McAllister, Duston J. Slinkard, and the Topeka Police Department are no longer named as defendants, and D. Stallbaumer is added as a defendant.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 7) filed by Defendants McAllister and Slinkard is **denied** as moot.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Answer or Otherwise Plead Out of Time (ECF No. 12) filed by Defendant Topeka Police Department is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **April 2, 2020**, in which to show good cause, in writing, why his claim under 42 U.S.C. § 1983 should not be dismissed for the reasons stated herein and his remaining state law claim remanded to the Shawnee County District Court.

**IT IS SO ORDERED**.

**Dated on this 17th day of March, 2020, in Topeka, Kansas.**

                                                                                         **s/ Sam A. Crow**
                                                                                         **SAM A. CROW**
                                                                                        **U. S. Senior District Judge**